No. 723
### STONE v. RICHARDS et al
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4837. Decided April 18, 1924

719. LIENS—Judgment creditors' claims held not cut off by divorce decree.

677. JUDGMENTS—A judgment may be attacked by affirmative suit to remove liens, being a direct attack.

VICKERY, P. J.
Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action to remove liens from certain rea' estate brought by Margaret Stone. Margaret Stone had procured a divorce and alimony from Morris Stone. Margaret and Morris had been tenants in common of certain real estate, and in the alimony case Morris's share was awarded to Margaret. The decree provided for taking care of the liens in question and provided that in case Margaret should be compelled to pay them, then she might recover over against Morris; in other words, the decree of his property to her was what was left of it after the liens were taken care of. During the pendency of this divorce case, the judgment liens in question, one by Keller, one by Ahlgrin and one by Richards, were obtained.

## STATE COURT OF APPEALS—Continued

Margaret Stone then brought this action to clear her title from these liens. The evidence disclosed that Richard's judgment was improperly obtained in that he was not a real party in interest. The Common Pleas rendered judgment for all the lienholders, whereupon plaintiff prosecuted error. A motion by Morris Stone to dismiss the proceedings as to him because he was not made a party to the error proceedings until long after the 70 days had elapsed was overruled, as he was not a necessary or proper party. In affirming the judgment as to Ahlgrin and Keller, but reversing the judgment as to Richards, the Court of Appeals held:

1. As the court's decree of Morris Stone's property was what was left after the liens were taken care of, these judgment liens of Ahlgrin and Keller were valid claims against the property and must be paid out of the property, and Margaret Stone is left to her redress against Morris Stone.

2. A judgment may be attacked by an affirmative suit to cancel that judgment which amounts to a direct attack, and as the record shows conclusively that Richards was not entitled to a judgment as a party who holds a claim for cancellation cannot maintain a suit in his own name, therefore the judgment was invalid.

Attorneys—F. E. Bruml, for Stone; T. J. Ross, E. J. Richards and Fred J. Young, for Richards et al; Guthery, Guthery, Binyon & Williams, for Morris Stone; all of Cleveland.